UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:26-CR-007-KKC

UNITED STATES OF AMERICA                                                PLAINTIFF

V.                                    PLEA AGREEMENT

DONTE D. HENDRICKS                                                      DEFENDANT

\* \* \* \* \*

1.    Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment, which charges a violation of 21 U.S.C. § 841, possession with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. The Defendant reserves the right to appeal the District Court's determination that officers had reasonable suspicion to stop his vehicle and to extend the traffic stop to allow a narcotics dog to sniff the outside of his vehicle for drugs, and that the officers thereby developed probable cause to search the vehicle. [See R. 31: Opinion and Order; R. 38: Opinion and Order].  If he prevails on the appeal of the denial of his pretrial motion to suppress, he may then withdraw his guilty plea.  Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts One and Four.  Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's

conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the Indictment are:

(a) The Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of fentanyl, Schedule II controlled substance;

(b) The Defendant had the intent to distribute such substance; and

(c) The offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

3. As to the Indictment, the United States could prove the following facts, among others, that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

On or about February 26, 2025, the Defendant was in Pike County, Kentucky with fentanyl that he was intending to deliver to a customer there. Law enforcement conducted a traffic stop on a vehicle in which the Defendant was the driver and sole occupant. During a search, law enforcement located and seized 103.6 grams of substance that contained fentanyl and $917 in United States currency. The Defendant possessed this fentanyl and intended to distribute it in the Eastern District of Kentucky.

4. The statutory punishment for the Indictment is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and

they may object to or argue in favor of other calculations.  This recommendation does not bind the Court.

(a)   The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b)   Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes between 160 grams and 280 grams of fentanyl, which corresponds to a base offense level of 26.

(c)   Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.  If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.    No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.    The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.    With the exception of the Defendant's right to appeal the District Court's denial of his pretrial motion to suppress, the Defendant waives the right to appeal the guilty plea and conviction.  The Defendant waives the right to appeal the guilty plea and conviction.  The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10.    The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment and any other property seized during the investigation, including but not limited to $25,040 in U.S. currency tendered as bond money for Donte Hendricks to the Pike County Circuit Court Clerk on or about March 7, 2025. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States.  The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may have already submitted.  The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders.  The Defendant also waives his right, if any, to a jury trial

on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11.    The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT U.S. ATTORNEY

Date: 4/22/26                    By: _____

Andrew H. Trimble
Assistant United States Attorney

Date: 4/20/2026                       _____

Donte D. Hendricks
Defendant

Date: 4/20/2026                       _____

Noah Robert Friend
Attorney for Defendant

6